UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dario Gutierrez,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 1:23-cv-01349-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(B)<br><br>(ECF No. 19) |

Plaintiff's counsel Francesco Benavides seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).

**I.      Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of up to 25% of the past due benefits awarded. ECF No. 19-3. The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. Id.

Plaintiff filed a complaint in this Court on September 13, 2023, appealing the Commissioner's decision denying his application for benefits. After Defendant filed the Administrative Record, Plaintiff filed a motion for summary judgment. ECF No. 11. Defendant didn't file a response brief. Rather, on February 13, 2024, the parties stipulated to remand the

1

1  matter to the agency for further proceedings.  ECF No. 14.   Judgment for Plaintiff was entered the
2  same day.  ECF No. 15–16.

3  Plaintiff's counsel was awarded $7,437.36 under the Equal Access to Justice Act, though
4  he received only $5,748.36 in EAJA fees because Plaintiff owed a debt subject to Treasury Offset
5  in the amount of $1,689.00 for Plaintiff's child support debt.  ECF No. 19-5 (Notice of Treasury
6  Offset).

7  On remand the agency determined that Plaintiff was disabled beginning August 1, 2018,
8  and  entitled to past-due benefits amounting to $78,077.57.  ECF No. 19-1  The agency withheld
9  25% for potential payment to Plaintiff's counsel, of which Plaintiff's counsel requests a fee of
10 $12,300.

11 **II.    Legal Standard**

12 An attorney may seek an award of fees for representation of a Social Security claimant who
13 is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401,
> et seq] who was represented before the court by an attorney, the court may determine
> and allow as part of its judgment a reasonable fee for such representation, not in
> excess of 25 percent of the total of the past-due benefits to which the claimant is
> entitled by reason of such judgment . . .

18 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b)
19 controls fees awarded for representation of Social Security claimants). A contingency fee
20 agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount.
21 *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are
22 unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due
23 benefits.").

24 District courts "have been deferential to the terms of contingency fee contracts § 406(b)
25 cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must
26 review contingent-fee arrangements "as an independent check, to assure that they yield reasonable
27 results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the

1  character of the representation and the results the representative achieved." *Id*. at 808. In addition,
2  the Court should consider whether the attorney performed in a substandard manner or engaged in
3  dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the
4  benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v.*
5  *Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

6  **III**.     **Analysis**

7  Here, Plaintiff was represented by experienced counsel and achieved a favorable result,
8  namely an order of remand, entry of judgment, and ultimately a substantial award of past due
9  benefits. There is no indication that counsel engaged in dilatory conduct, excessive delay, or
10 substandard performance.

11 Although the parties ultimately settled the matter before Defendant filed a response,
12 Plaintiff had already filed an extensive and detailed motion for summary judgment analyzing the
13 1,712-page administrative record, which likely was a factor in the agency's decision to settle the
14 matter. Counsel's itemized bill reflects 29.3 hours of attorney time to prepare the complaint, review
15 the administrative record, draft a summary judgment motion, and negotiate a settlement with
16 defense counsel, which is a reasonable time expenditure for the performance of those tasks. ECF
17 No. 19-4.

18 The effective hourly rate amounts to $419.79 per hour, which is well below the upper limit
19 of reasonableness. *See Malta v. Comm'r of Soc. Sec.*, No. 1:18-CV-00415-CDB, 2024 WL
20 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (collecting cases and finding that "hourly rate of $1,553.87
21 is within the upper boundaries of reasonableness."); *Coder v. Comm'r of Soc. Sec.*, No. 1:20-cv-
22 00497-CDB, 2024 WL 1742026, at *3 (E.D. Cal. Apr. 23, 2024) (reducing de facto hourly rate of
23 $3,532.87 to $1,500.00 per hour); *Reyna v. Comm'r of Soc. Sec.*, No. 1:22-CV-00484-SAB, 2024
24 WL 4453046, at *2 (E.D. Cal. Oct. 9, 2024) (approving de facto hourly rate of $1,326.57 per hour);
25 *Langston v. Saul*, No. 1:18-CV-00273-SKO, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020)
26 ($1,453.42 per hour).

27 This award would not amount to a windfall. In matters subject to section 42 U.S.C. 406(b),
28 the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally

3

warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

The $12,300 total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (ECF No. 19) is GRANTED.
2. The Commissioner shall certify a payment of a gross award in the amount of $12,300 to: Francesco Benavides.
3. Francesco Benavides shall refund directly to Plaintiff Dario Gutierrez the EAJA fee previously awarded in the amount of $5,748.36.

IT IS SO ORDERED.

Dated:   **October 16, 2025**                         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

4